**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1958-15T1

DAMARIS URDAZ CRISTIANO,

    Plaintiff-Respondent,

v.

ANTHONY CRISTIANO,

    Defendant-Appellant.

_____

          Argued June 6, 2017 – Decided  July 17, 2017

          Before Judges Yannotti, Fasciale, and Gilson.

          On appeal from Superior Court of New Jersey,
          Chancery Division, Family Part, Bergen County,
          Docket No. FM-02-894-10.

          Marion B. Solomon argued the cause for
          appellant (Arons & Solomon, P.A., attorneys;
          Ms. Solomon and Patricia L. Burris, on the
          briefs).

          Damaris C. Urdaz, respondent pro se.

PER CURIAM

    Defendant Anthony Cristiano appeals from a December 11, 2015

order that, among other things, denied his motion to compel his

former wife, plaintiff Damaris Urdaz Cristiano, to pay child

support based on the costs of the parties' eldest son attending

private high school.  The order also denied defendant's request to designate him as the parent with primary residential custody and denied his request for attorney's fees.  We affirm.

I.

The parties were married in October 1994, and divorced in November 2010.  They have two children, a son born in September 2000, and a second son born in August 2002.

When they divorced, the parties entered into a property settlement agreement (PSA), which was incorporated into the final judgment of divorce.  Under the PSA, the parties agreed to share joint legal custody of the children, plaintiff was designated the parent of primary residential custody, and the parties enjoyed "roughly equal" parenting time with their children.  Both parties waived their right to alimony.

With regard to child support, the PSA provided that defendant would be responsible for the children's private grammar school tuition and the cost of the children's health insurance.  The PSA went on to provide that in consideration of defendant paying those costs and the parties' roughly equal parenting time, neither party would receive child support.  In that regard, the PSA provided:

> The parties have specifically agreed that in light of the roughly equal time sharing arrangement set forth more fully in the Parenting Plan attached hereto as Exhibit "B" and the Husband's payment of the Children's

A-1958-15T1

> private grammar school tuition and health
> insurance, neither party shall receive direct
> Child Support from the other party.

The PSA also provided that if there were a change in the grammar school tuition payment by the husband or the cost of the children's health insurance, the parties would revisit the issue of child support. Specifically, the PSA provided:

> In the event there is a change to the tuition
> payment by the Husband i.e. the Children
> attend public grammar school or his payment
> of the Children's health insurance, the
> parties shall revisit the issue of the
> potential payment of Child Support from one
> party to the other. In the event the parties
> cannot agree they shall return to mediation
> before filing any application with the Court.

The PSA also allowed for modification of child support in the event that there is a change in circumstances.

The PSA did not address paying the costs for the children to attend private high school. The PSA did, however, provide that the parties agreed that they would both contribute to the children's college education expenses. The amount of their respective contributions would depend on the parties' then existing financial circumstances and abilities, including, but not limited to, income and assets.

In July 2014, defendant filed a motion seeking to compel plaintiff to pay a portion of the private high school tuition for

A-1958-15T1

the parties' eldest son. The court ordered mediation, but mediation was unsuccessful.

In April 2015, plaintiff filed a motion seeking an order stating that she was not obligated to share in the costs of the parties' children attending private high school. Defendant failed to respond to that motion. Accordingly, an order was entered granting plaintiff the relief she sought.

Thereafter, defendant retained new counsel and the court agreed to reconsider the matter. In an order entered on August 17, 2015, the court found that defendant had voluntarily and unilaterally enrolled the eldest son in private high school and that plaintiff had no obligation to pay for the eldest son's private high school tuition. Defendant did not appeal that order.

In September 2015, defendant filed a motion to recalculate the parties' respective child support obligations based on the increased costs resulting from the parties' eldest son attending private high school. Defendant also sought to be named as the parent of primary residential custody for school purposes. In filing that motion, defendant did not request a plenary hearing concerning any issue. Plaintiff opposed the motion and cross-moved to enforce the court's August 17, 2015 order, which had held that she had no obligation to contribute to the children's private high school education.

On December 11, 2015, after hearing oral argument, the Family Part denied defendant's request to impose a child support obligation upon plaintiff based on the eldest son's private high school tuition. The court also denied defendant's request to be named as the parent of primary residential custody. On plaintiff's cross-motion, the Family Part granted plaintiff's request to reaffirm the August 17, 2015 order, which found that plaintiff was not responsible for the costs of the children's private high school education. Finally, the Family Part denied both parties' request for attorney's fees.

Defendant appealed the December 11, 2015 order. In accordance with Rule 2:5-1(b), the Family Part issued a supplemental written decision, dated January 27, 2016, amplifying the reasons for the December 11, 2015 order.

## II.

On appeal, defendant makes five principal arguments: (1) we should apply a relaxed standard of review; (2) the Family Part erred in interpreting the parties' PSA and finding that plaintiff did not have to contribute to the costs of private high school education; (3) the Family Part erred in failing to schedule an evidentiary hearing to address the alleged ambiguities in the parties' PSA; (4) the court erred in failing to address the factors identified in Newburgh v. Arrigo, 88 N.J. 529 (1982), and Hoefers

v. Jones, 288 N.J. Super. 590 (Ch. Div. 1994), aff'd, 288 N.J. Super. 478 (App. Div. 1996); and (5) the Family Part erred in denying defendant's request for attorney's fees.

A.  Child Support for Private High School

The fundamental issue on this appeal is whether the parties' PSA required plaintiff, either directly or through child support, to contribute to the costs of private high school for the children. That question was directly addressed by the Family Part in its order of August 17, 2015, where it held that there was no such obligation.

As noted, defendant did not appeal the August 17, 2015 order. Instead, defendant filed a new motion seeking child support based solely on the changed circumstances that the eldest son had enrolled in a private high school. Thus, as the Family Court correctly recognized, defendant was essentially seeking to require plaintiff to contribute to the costs of the eldest son's private high school tuition through child support.

The only order on appeal before us is the December 11, 2015 order, which denied defendant's request to establish child support based on the increased costs of the son's private high school tuition. Therefore, the question presented is whether defendant showed a change of circumstances warranting the imposition of a child support obligation on plaintiff. Defendant candidly

acknowledges that the only change in circumstances he relies on is the increase in tuition from paying for private grammar school to paying for private high school.

Settlement agreements in matrimonial cases are contracts that should be enforced so long as they are fair and just. Petersen v. Petersen, 85 N.J. 638, 642 (1981). Our courts recognize a "strong public policy favoring stability of arrangements in matrimonial matters." Quinn v. Quinn, 225 N.J. 34, 44 (2016) (quoting Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). "[F]air and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed." Ibid. (quoting Konzelman, supra, 158 N.J. at 193-94). Moreover, "courts [may not] remake a better contract for the parties than they themselves have seen fit to enter into, or to alter it for the benefit of one party and to the detriment of the other." Karl's Sales & Servs. v. Gimbel Bros., 249 N.J. Super. 487, 493 (App. Div.), certif. denied, 127 N.J. 548 (1991).

Here, a plain reading of the parties' PSA does not allow defendant to seek child support based on the costs of private high school tuition for the children. The PSA expressly addressed the costs of private grammar school. The PSA also expressly addressed the costs of the children's college expenses. The PSA was silent on the costs of private high school.

7

Read in full context, however, the silence concerning private high school tuition does not allow defendant to seek those costs either directly or as child support. In that regard, the PSA stated "neither party shall receive direct Child Support from the other party." The PSA then provided that child support could be "revisit[ed]" under four circumstances: (1) a change in defendant's payment of private grammar school tuition, (2) a change in defendant's payment for the children's healthcare insurance, (3) "a modification to the parenting time," or (4) "a substantial change in circumstances as defined by Lepis v. Lepis," [83 N.J. 139 (1980)].

The first three circumstances do not apply. As to the fourth, defendant failed to establish a change in circumstances warranting the imposition of child support. Our review of the Family Part's determination regarding child support is limited. "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of North Bergen, 78 N.J. Super. 154, 155 (App. Div.), certif. denied, 40 N.J. 221 (1963)). Moreover, "[b]ecause of the family courts'

special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998).

Here, we discern no basis to disturb the Family Part's finding that there was no showing of a change of circumstances. We also discern no basis to disagree with the Family Part that defendant made no showing warranting a change in the designation of plaintiff as the parent of primary residential custody. It was undisputed that the parties continued to share essentially equal parenting time with both children. That the eldest son was attending a private high school, while the younger son continued to attend private grammar school, did not constitute grounds for making a change in the parties' original parenting time arrangement.

B. Defendant's Other Arguments

The other arguments presented by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few brief comments. As already discussed, our standard of review is well-established. Moreover, the application of the correct standard of review warrants an affirmance.

We find no error in the Family Part failing to schedule an evidentiary hearing. Defendant did not move for an evidentiary hearing in filing his motions nor did he request one in a manner

that would cause the court to grant such a request. Just as significantly, defendant did not identify what disputed issues or material facts needed to be resolved at an evidentiary hearing.

We also need not resolve the parties' arguments over whether defendant voluntarily enrolled his eldest son in private high school. The record is clear that when the eldest son began private high school, defendant knew that the Family Part had denied his request to compel plaintiff to contribute to the costs of private high school. Nothing compels defendant to send his son to private high school. Thus, the material undisputed fact is that defendant decided to voluntarily enroll his son in a private high school after he knew he would have to pay the tuition.

We also find no error in the Family Part failing to address the factors identified in Newburgh, supra, 88 N.J. 529, or Hoefers, supra, 288 N.J. Super. 590. Newburgh addresses factors to be considered for the costs of college. Supra, 88 N.J. at 545. Hoefers addressed a PSA, which expressly provided that the father would be responsible for private school. Supra, 288 N.J. Super. at 596-97.

Finally, we discern no abuse of discretion in the Family Part's decision to deny defendant's request for attorney's fees. See R. 4:42-8; R. 4:42-9(a)(1); see also Platt v. Platt, 384 N.J. Super. 418, 429 (App. Div. 2006).

10

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION